Lipscomb, J.
It is contended by the counsel for the appellant, in discussing Lite first assignment, that the return of the forthcoming bond “forfeited” was a satisfaction of tlie first judgment. If so, tlie demurrer ought to have been sustained, as tiie object sought, in tlie suit was to revive that judgment against the administratrix of the deceased defendant in it. What is tlie true character in law of a forfeited bond on which an execution is authorized to be sued out? whether it is a judgment substituted for the original judgment is not well defined, and tlie decision on the subject in tlie different States have been in conflict. Our statute provides that a forthcoming bond, as it is usually called, may be given by tlie defendant in execution whenever it is levied on personal property or slaves; and the defendant, on giving such bond with security, lias tlie right to retain the possession of such property. (Art. 1330, Digest.) And it is provided by article 1331, Digest, that “if the defendant shall fail to deliver tlie property so bonded it shall he the duty of the sheriff to return the bond to the clerk of tlie court from whence execution issued as aforesaid, and indorse thereon “forfeited;” whereupon said clerk shall issue execution against the principal and sureties on tlie bond for tlie amount of the debt and costs, upon which said execution' no delivery bond shall he taken, which fact shall be indorsed by the clerk on tlie execution.” This section nowhere expresses that tlie bond on the contingency of forfeiture is to become a judgment, nor does it in its terms give it the force and effect of a judgment. It merely directs tlie clerk, on the return of tlie sheriff indorsed on tlie bond “forfeited,” to issue execution; and it is by implication alone that we can arrive at the conclusion that such forfeiture is. in law a judgment. We must lay down as the premises that no execution can issue without a judgment. "Execution is directed to he issued on tlie return of forfeiture on the bond. Therefore the forfeited bond must be a judgment. This, as scholastic reasoning, would certainly seem plausible, but its soundness may be questioned in its application to tlie construction of the statute tinder consideration. The truth of the premises may not be admitted, and tlie question must necessarily recur, What is a judgment? The answer is, that it is the decision of a court of competent jurisdiction on tlie subject-matter before it. How, subject the forfeited bond to this test and it would he wanting in the essential ingredient of being the decision of a court, and so far from being a judicial act it discloses only the ministerial act of returning tlie bond indorsed “forfeited.” I am not discussing the question whether an execution can rightly he sued out without a judgment. That is not now tlie question presented for onr consideration. I am only inquiring if the bond returned “forfeited” can, under tlie statute, he in lawn judgment. Because it is upon that hypothesis that the conclusion arises that it is satisfaction of tlie original judgment, on, tlie principle that-the first judgment *182 is satisfied and merged in the last, and that there cannot be two judgments on the same matter iiiforce at the same time. 1 am not aware that there is ant substantial difference in our.statiitc in relation to forthcoming bonds returned “forfeited” and statutes on (.lie same subject in other States. There may ha this difference, and perhaps it is so in the Mississippi statute, that/ it expressly provides that a bond so forfeited shall become a judgment'or that it shall have the force and effect of a judgment. I am not prepared to say that the addition of these words in the. statute would materially change the legal effect in the case before us. In Mississippi it seemed at one time to be the settled law of their highest judicial tribunal that a forthcoming bond returned “forfeited” was a full and complete satisfaction of the original judgment. (Weathersby v. Proby, 1 How. Miss. R., 98; Davis v. Dixon, 2 Id., 64; 3 Id., 60.) “It is a judgment on the bond, and it cannot be looked behind and an inquiry made into the sufficiency of the original judgment. That original judgment is satisfied by it, and is to be regarded in the same light as a judgment in the ordinary mode of proceedings in a court of justice.” (Reeves v. Burnham, 3 How. Miss. R., 1.) In the Slate of Alabama, under a statute precisely in the same language as our own, the doctrine is well settled directly to the reverse. (Crawford v. Bank of Mobile, 5 Ala. R., 55; Hopkins v. Land, 4 Ala. R., 427.) In the last-cited ease the rule was laid down that “in general it is irregular to sue out a second execution when a sufficient levy has been made which remains undisposed of in consequence of a forthcoming bond; but such bond is not a satisfaction of the judgment, and-if the condition is broken the plaintiff may sue out a new execution on the judgment or against the defendants to the same and ihe, enredes to the bond; that by statute a plaintiff is authorized to sue out more executions than one, but at his own cost. When, therefore, a forthcoming bond is forfeited, and it is necessary to run executions to different counties, he may sue out one execution against the defendants to the judgment and another against them and the sureties to the bond.” From tin eases cited it is clear that the Supreme Court of that State, do not consider tin original judgment as cither satisfied, suspended, or inoperative. In the Stats of Louisiana,, under their appraisement law, if property, when offered for sale under an execution, would not sell for two thirds of its appraised value it waj then sold on a twelve-months’ credit, with bond and security, on which twelvemonths’ bond, if not paid, the plaintiff could sue out execution against tlm principal and sureties. It was held that the sale and taking of the twelvemonths’ bond was not a satisfaction of the. judgment., and did not bar an action ou tile original cause of action against a party not sued and against whom the judgment liad not been taken. (Opinion of Judge Porter in Williams v. Bent, 4 Cond. La. R., N. S., 211.) At common law if a judgment obtained on a judgment, if the first should be reversed on error the second is also. (3 Bacon, 316.) If the second judgment is satisfaction of the first I cannot perceive by what principle the rule laid down in Bacon can be sustained. A judgment ou a judgment is certainly entitled to more dignity than one merely by operation of law in the ease of a forfeited bond. The former is rendered in a court in a regular suit, regulated by the course of judicial proceedings under the solemn sanction of a court of competent jurisdiction; the other is by implication of law raised to sustain an-execution. I must, however, be permitted to dissent from the Mississippi doctrine, both on the construction of the statute and on principle. The rule as laid down in Alabama and Louisiana is, to my judgment, more in accordance with general principles, and also with the true intent and moaning of the statute. On principle it seems to me that a judgment obtained ou a judgment is not'joer se satisfaction of tiie first. It is dependent on the first, and a fortiori the implied judgment on the forfeited bond is not satisfaction, hut it 'is an additional security growing out of and dependent on tlie original judgment designed for the protection of the plaintiff’s rights acquired under the original judgment.
If ihe principles on which the case of Hoy et al v. Couch, in 5 How. Miss. R. 188, was decided are correctly understood by me, the doctrine of the court ic *183 1, 2, and 3 Howard, already cited, if not overruled lias been at least very much restricted. In that case there liad been a levy of an execution, a forthcoming bond, which was returned “forfeited,” which, according to the ruling in the previous cases, was full satisfaction of the original judgment. The original judgment was reversed on erroi*. The plaintiff then sued out his execution on the forfeited forthcoming bond, which execution was levied and a claim of property interposed. On the trial of the issue made on the claim to try the right the claimants offered to prove the reversal of the original judgment, and claimed as a conclusion of law that the execution they were resisting was not valid. The court below overruled the defense. On a writ of error the judgment was reversed, and Chief Justice Sharkey, in delivering the opinion of the court, commenting on the evidence of the original judgtnent, and showing that if it was material it ought to have been received, says: “But was it material ? It certainly was, if by the reversal of the original judgment the statutory judgment on tiie bond was thereby also reversed. In that ease there was no judgment which could operate as a lien on the property or support a.Ji. fa.'” And in his further remarks on the difference between a second judgment reversed on a lirst and a judgment by implication on the forthcoming bond forfeited, he says that it “might be considered as an adjunct to or in aid of the first judgment, strictly, dependent on the first for its validity and support.” This I consider the correct and proper footing to put the implied judgment upon ; but it seems to be somewhat difficult to reconcile it with what is claimed in the previous decisions of that court for the forfeited bond.
We will next inquire whether the judgment is sucha claim for money as rendered it essential to swear to it, and make presentation to the adminis-tratrix for allowance, and that it should be either rejected by her or disapproved by the judge of the County Court before any proceedings could be instituted on it in the District Court.
Article 1158 of the Digest inhibits the executor or administrator from allowing and the chief justice from approving any claim for money against the estate unless the claim is accompanied by an affidavit that the claim is just, and all legal set-offs, payments, and credits have been allowed.
Article 1151) declares that “no holder of a claim for money against the estate of a deceased person shall bring a suit thereon against the executor or administrator, unless such claim, properly authenticated, has been presented to such executor or administrator, and he has refused to allow such claims for the whole or a part thereof, or unless such claim has been presented to the chief justice, and he has disapproved of the allowance made by the executor or administrator. or a part thereof.”
Article 1100 provides that upon the rejection or the disapproval of a claim duly authenticated the claimant may bring suit on the same in the District Court.; that no execution shall issue upon a judgment so obtained in favor of the plaintiff, but the same shall have the same force and effect'as if the amount thereof had been allowed bj the executor or administrator and approved by the chief justice.
The appellant’s counsel insist that, under the foregoing provisions of our statute law, the judgment on which the proceedings in this case are founded is a claim for money witliin the meaning of the law. Our best reflections have brought us to a different conclusion, and the reasons on which we rest that conclusion will be briefly given. In the first place, a judgment of a court of competent jurisdiction, of our own tribunal, is so conclusive in its character as to leave nothing to be set tied by an adjudication, but it cannot be resisted or defeated in any indirect mode. It is different from a debt due which is secured by a mortgage. In such case the debt is the principal subject and the mortgage ¡san incident; lienee the necessity of prosecuting the claim for money before suit can be brought against the executor or- administrator to recover it. And the debt might be allowed and off-red and the mortgage as a lien contested; and as the law does not provide for a presentation of the mortgage, it may be well questioned if the mortgagee could not sue for its foreclosure with *184 out having presented it. But he could not sue for the debt without complying with the forms and requisitions of the statute. The case of Graham v. Vining, (2 Tex. R., 433,) therefore, does not apply. Again, if the statute should he construed to mean a judgment of our own courts, it would he giving the chief justice of the County Court revisionary powers over the judgment of (he District Court which would be in violation of the Constitution, that lias vested that power in the Supreme Court alone; and it would further present the si range anomaly of the District Court again trying and adjudicating the same subject-matter that had been previously adjudicated, without that judgment ever having been reversed, vacated, or set aside. And again, legal liens are fixed on all the land within the county owned by the defendant at the dale of the judgment, and also from the delivery of execution on the personal properly of defendant. Whether these liens have been kept alive, and how they shall be enforced, are questions important to the interest of the parties, and often to,, others not parties to the judgment; and it would be exceedingly inconvenient’^ to have them settled and adjusted by the chief justice of the Comity Court., and would come more appropriately within the cognizance of the District Court. Wc therefore see nothing in the law to prevent a plaintiff in a judgment from resorting at once to the District- Court to have his rights enforced. And there is no apparent objection to the mode resorted to in the case before us; that is, to have the representative made a party, and a direction of the District Court to tlie administratrix in what way the judgment should be satisfied. We admit that if (he judgment had, by lapse of time and the negligence of the plaintiff, become dormant, so as to have lost its lien, and could only be made the foundation of a new suit founded on such judgment, it would form an exception; and perhaps in such case it would be essential that it should be presented and rejected before it could be sued upon. Such, however, is not the present case.
Noth. — Since the foregoing opinion was delivered I llave had an opportunity to become better informed as to the Mississippi statate in relation to delivery or fortheoming'bonds and have ascertained that it is materially different from that of Alabama and of our own. 1Í is different in this: ‘the forfeited bond is not immediately on Us forfeiture returned to tha clerk’s office for the issuance of an execution thereon, but it is returned with the execution on which the levy was made to the next term of the court succeeding; chat a motion, by the practico of the court, will then be entertained to quash the bond. The statute expressly prohibits a writ of error after the forfeiture of the forthcoming bond. The forfeiture is by the express language of the statute to have the force and effect of a judgment. In the case of Hoy et at. v. Couch the writ of error was taken after the forfeiture of the forthcoming bond. The defendant in error, who was plaintiff in the original judgment, appeared, and instead of moving to dismiss the writ, as well he might have done, confessed error, and the judgment was reversed. The opinion of Chief Justice Sharkey was given on a case, then free from the inhibition of the statute, against taking out a writ of error, and was not repugnant in principle to the previous decisions of the court; and he well might say that the forfeited bond was a judgment by implication of law, an adjunct, or in aid of the original judgment, and must fall with the judgment out of which it grew. The statute being so very different from ours the decisions under it are not at all applicable to a caso arising under our statute, and cannot be considered as in any wise impugning the Alabama doctrine or the conclusion as expressed in the opinion we have delivered in this case.
Note 65.—Hall v. McCormick, 7 T., 269; Contra, Birdwell v. Kauffman, 25 T., 189: Converse v. Sorley, 36 T., 515.
Note 66.—An action can be maintained on a forthcoming bond not executed in conformity to the statute. (Jones v. Hays, 27 T., 1.)
Another objection to the judgment remains to be disposed of. It is said that this is a suit on a canse ex contractu, and that the discontinuance as to Campbell was a discontinuance of the suit.
Wc do not consider that the proceedings are of that character. Campbell ought not to have been joined, because his rights were not involved, nor waa he at all necessary; and it was not error to dismiss as to him at the cost of the plaintiff', whether this had been at his instance or the voluntary act of the plaintiffs; and for having been improperly made a party he was dismissed will his costs.
Judgment affirmed.